(50 Misc. Rep. 326)

### ELIAS v. WHITNEY.

(Supreme Court, Appellate Term. April 27, 1906.)

BILLS AND NOTES—ALTERED CHECKS—HOLDER IN DUE COURSE—NEGOTIABLE INSTRUMENTS LAW.

Negotiable Instruments Law, Laws 1897, p. 732, c. 612, § 91, provides that a holder in due course is a holder who has taken an instrument which is complete and regular on its face. *Held* that, where a mere inspection of a check showed that it had been altered, a purchaser thereof took with notice of the infirmity, and was not a holder in due course.

[Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 839.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Joseph Elias against Leon A. Whitney. From a Municipal Court order setting aside a verdict in favor of plaintiff and ordering a new trial, plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Adolph Block, for appellant.

Smith & Bowman, for respondent.

TRUAX, J. The evidence showed that the check in suit had been changed before it reached the plaintiff, and that a mere inspection of the check showed such change. There is no evidence showing that the defendant authorized or assented to the alteration, but the appellant says that he is "a holder in due course," and not a party to the alteration, and that, under section 205 of the negotiable instruments law (Laws 1897, p. 745, c. 612), he may enforce payment on the check, according to its original tenor. Section 91, p. 732, of the negotiable instruments law, states what constitutes a holder in due course. According to that section, a holder in due course is a holder who has taken an instrument that is complete and regular on its face. This instrument was not complete and regular on its face at the time plaintiff took it. As we have stated before, a mere inspection of the instrument showed its defect, and therefore, under subdivision 41 of the negotiable instruments law, plaintiff had notice of an infirmity in the instrument at the time he took it.

The order appealed from is affirmed, with costs.

SCOTT, P. J., concurs.

BISCHOFF, J. (concurring). The verdict for the plaintiff was wholly without support, and the state of the evidence warranted the direction of a verdict for the defendant. The action was by the indorsee against the maker upon an alleged check received from the payee, and the defense was that the check had been altered in a material respect after it was issued, in that the date was changed from September 7, 1903, to September 3, 1903, on which last-mentioned day the plaintiff claimed to have acquired the check for value·

The alteration, if made without the maker's authority, was material, and operated to defeat any recovery thereon (Crawford v. West Side Bank, 100 N. Y. 50, 2 N. E. 881, 53 Am. Rep. 152), and though there was no presumption that the alteration, which was plainly apparent, was made after it was issued (Maybee v. Sniffen, 2 E. D. Smith, 1), it remained that, after impeaching testimony for the defendant, the burden of proving that the alteration was made before the check was issued was upon the plaintiff; he asserting the execution by the defendant of the particular instrument sued upon in the form in which it was produced (Farmers' Loan & Trust Co. v. Siefke, 144 N. Y. 354, 39 N. E. 358).

For the defendant, it appeared from his own testimony and that of Dimmock, an apparently wholly disinterested witness, that at the time when the check was given to Reed, the payee, it bore date as of September 7, 1903, and as against this the plaintiff contented himself by showing no more than that when he received the check from Reed, on September 3, 1903, the date had been altered to that day. An alteration in the date was plainly apparent, and, obviously, the fact alone that the alteration had taken place before the plaintiff received the check in no wise challenged the accuracy of the testimony of the defendant's witnesses that the alteration was made after the check was issued to Reed. The question involved upon the trial was simply whether the defendant had issued the instrument sued upon, as the plaintiff asserted he did; and since there was no presumption that the alteration had occurred after the check was issued, the fact of the alteration, however apparent, did not suffice to raise any question as to whether the plaintiff was a "holder in due course," within the meaning of Negotiable Instruments Law, Laws 1897, p. 732, c. 612, § 91, in that he had notice of some infirmity in the instrument.

The order should be affirmed, with costs.