## SPURLIN *v.* TOWNS *et al.*

HILL, J.  1.  If A, having no title, execute a deed purporting to convey land to B for life, with vested remainder to children of B, the children will not, by virtue of the deed, acquire such title as will support an action for recovery of the land after the death of B.

(a) The case differs in its facts from *McLendon* v. *Horton,* 95 *Ga.* 54 (22 S. E. 45), where the defendant, while attempting to prescribe under a void tax deed, set up and claimed, both by "his pleadings and evidence," title from the same source from which the plaintiff claimed to have derived title; and it was held that such pleadings and evidence dispensed with the necessity of the paintiff's making further proof of title in order to recover.

2.  If B enters possession under such a deed and thereafter executes a deed purporting to convey the land in fee to C as security for a debt, and the debt is reduced to judgment and the land is sold as the property of B under an execution based on such judgment, and a deed is executed by the sheriff to the purchaser, purporting to convey the land in fee, and the latter enters into adverse possession of the land under the sheriff's deed in good faith and remains in possession for seven years, he will acquire a prescriptive title.

3.  Relatively to the children of B, the prescriptive period would not be tolled by the time B may have lived subsequently to the date of the entry of the prescriber.

4.  Applying the rulings announced in the preceding notes, the verdict for the plaintiffs was unauthorized, and the court erred in directing it in their favor.

5.  Rulings of the court on the sufficiency of the pleadings are not proper subject-matter for grounds of a motion for new trial.

6.  The rulings on the admission of evidence were not erroneous for any reason assigned.          *Judgment reversed. All the Justices concur.*

FEBRUARY 14, 1917.  ADHERED TO ON REHEARING MARCH 2; 1917.

Complaint for land.  Before Judge Searcy.  Fayette superior court.  December 29, 1915.

*T. B. Felder* and *J. Mallory Hunt,* for plaintiff in error.

*J. W. Culpepper* and *Daley, Chambers & Daley,* contra.