8036. BROWN, adm'r, *v.* WILKES, guardian.

BLOODWORTH, J. 1. The decision of the court in overruling a demurrer to a portion of a plea, or in allowing an amendment to a plea, can not properly be made a ground of a motion for new trial. *Paulk* v. *Creech,* 8 *Ga. App.* 738 (70 S. E. 145); *Kelly* v. *Malone,* 5 *Ga. App.* 618 (63 S. E. 639); *Tompkins* v. *American Land Co.,* 139 *Ga.* 377 (2) (77 S. E. 623); *Lee* v. *McCarty,* 132 *Ga.* 698 (3) (64 S. E. 997); *Turner* v. *Barber,* 131 *Ga.* 449 (62 S. E. 587).

2. Each ground of a motion for a new trial must be complete within itself; and in this case grounds 6 and 7 of the motion are each too indefinite and uncertain to authorize this court to say that error prejudicial to the movant was committed in the admission of evidence, complained of in the latter ground, or in the rejection of evidence, complained of in the former ground.

3. When considered in connection with the explanatory note of the trial

judge, and in the light of the whole charge of the court, there is no error harmful to the plaintiff in error in the instruction complained of in the 8th ground of the motion for a new trial. New trials should not be granted on account of slight inaccuracies of expression, not calculated to mislead the jury.

4. The 9th ground of the motion for a new trial complains that the jury erred in their calculation and rendered a verdict for too small an amount, and is but an amplification of the general ground that the verdict is contrary to the evidence. "If it be found by any one calculation authorized by law and evidence, whether it be the same adopted by the jury or not, [that] the verdict can be sustained, then this court will not control the discretion of the presiding judge in overruling the motion for a new trial." *Donaldson* v. *Cothran*, 60 *Ga.* 604 (1); *Doster* v. *Arnold*, 60 *Ga.* 317 (2).

5. There is evidence to support the verdict, no error of law was committed, and the judgment should be ·

*Affirmed. Broyles, P. J., and Jenkins, J., concur.*

DECIDED MAY 11, 1917.

Action on bond; from Tattnall superior court—Judge Sheppard. May 20, 1916.

*H. C. Beasley,* for plaintiff. *Way & Burkhalter,* for defendant.