JOSEPH ABRAHAM, Respondent, v. GIUSEPPE SABBATINO, Appellant.

(Supreme Court, Appellate Term, First Department, February, 1918.)

**Negotiable instruments — bills, notes and checks — material alteration — actions — evidence — consideration — judgments.**

An alteration in the date of a check after delivery to the payee without the consent or authority of the drawer is a material alteration and no action can be maintained on the instrument except by a holder in due course.

In an action on such a check, the exclusion of evidence tending to show that the plaintiff took it not only with knowledge of the alteration but also of the failure of the consideration for which it was given is error for which a judgment in plaintiff's favor will be reversed, and a new trial ordered.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, in favor of plaintiff, for $232.

Steiner & Petersen (Jerome Steiner and Joseph H. Kohan, of counsel), for appellant.

Morris Kohn (Harry Lewis, of counsel), for respondent.

GUY, J. The action was brought by the plaintiff to recover $200 alleged to be due on four separate checks, which, at the time of delivery to the payee, were, as established by the direct testimony of the defendant and corroborated by one of the indorsers thereof, dated respectively January 25, 1916, February 15, 1916, February 25, 1916, and March 15, 1916, but appear on their face to have been altered, admittedly before indorsement and delivery to the plaintiff herein,

so as to make the date on each check 1917 instead of 1916. The checks were all indorsed in blank by one McColgan, the payee, and delivered to one Dodds, who, in turn, indorsed and delivered them to the plaintiff, who at the time of the trial was the holder of the checks.

The amended answer denied all the allegations of the complaint and set forth two affirmative defenses: *first,* that the checks were materially altered after delivery to the payee without the consent, knowledge or authority of the defendant; *second,* that the defendant, acting under the authority of one Elizabeth McColgan and one Joseph T. McColgan, owners of premises in Mott street, New York city, collected the rent of these premises; and about May 20, 1916, at the request of Joseph T. McColgan, the defendant, without receiving any value therefor, executed the four checks in suit dated respectively 1916 and delivered these checks to Joseph T. McColgan upon the express condition or agreement that the checks would remain in McColgan's possession, would not be negotiated, and were to be paid by the defendant solely out of the rents which he would collect from said Mott street premises during the months of January, February and March of 1917. The material alteration of the checks by changing the year 1916 to 1917 is again alleged; and the second defense then sets forth that McColgan died prior to January, 1917; that the defendant's agency was revoked, and he was unable to collect any rents from said premises. This defense also alleges that the checks in suit were the ones made by the defendant under said agreement and that the indorsees and the plaintiff had full knowledge of this agreement and paid no value for the various transfers.

Plaintiff testified that in November, 1916, he had received the checks in suit and paid cash for them.

The checks were received in evidence, and plaintiff rested. The defendant thereupon moved to dismiss the complaint on the ground that it was apparent from the face of the checks that the original date of 1916 had been altered to 1917. The motion to dismiss was denied. The defendant then rested and renewed his motion to dismiss. The court then suggested the calling of Dodds, plaintiff's indorser, as a witness. Dodds testified that he had given the checks to the plaintiff in October or November of 1916, and in July or August previous thereto had a conversation with the defendant, as follows: " I said you noticed some of those checks were dated running from 1916, and the date was changed. He said ' Yes, sir but don't worry about that; you know how good I am. I have been in the bank twenty-five years, nothing ever went wrong with me.' There the matter dropped." On cross-examination Dodds admitted that at the time he had the conversation with the defendant he did not show him the checks in suit; also that he knew the date on the checks was changed, and he saw this before he received them, which receipt of the checks by Dodds was before the conversation with McColgan, the payee, in June or July, 1916; and also that he held a number of other checks made by defendant, some of which he had transferred and some of which were still in his possession. Defendant testified that he had never seen Dodds in the summer of 1916, or spoken to him about any change in the dates of the checks; he further testified that the " 6 " in the date had been changed to " 7 " so that the checks, instead of being dated 1916, read 1917; and that he did not make the change or authorize it. When the defendant was asked to state what had occurred between McColgan, the payee, and himself at the time the checks were made, the court sustained the objection of plaintiff's attorney and refused to permit any

33

evidence of the arrangement or agreement set forth in the second defense of the amended answer. Similar qustions were asked of two other witnesses called on behalf of the defendant, and their evidence was excluded, with an exception to the defendant. Testimony offered by the defendant to the effect that the plaintiff had knowledge in 1915 of an agreement existing between the defendant and McColgan, the payee of the checks, was also excluded, with an exception. Defendant then rested and renewed his motion to dismiss the complaint, which motion was denied.

The physical appearance of the checks, together with the other evidence, established conclusively that the checks were altered after delivery to the payee, without the consent or authority of the defendant, that such alteration was a material alteration (Neg. Inst. Law, § 205; *Elias* v. *Whitney,* 50 Misc. Rep. 327; *Crawford* v. *West Side Bank,* 100 N. Y. 50; *Rogers* v. *Vosburgh,* 87 id. 228), and, therefore, the checks were avoided and no action can be maintained thereon, except by a holder in due course. The exclusion, therefore, of evidence tending to show that plaintiff took the checks not merely with knowledge of the alteration but of failure of the consideration for which the checks were given, constituted reversible error.

The judgment must, therefore, be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

Weeks and Mullan, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.