### 10020. COOK *v.* THE STATE.

BLOODWORTH, J. 1. The demurrer to the plea of autrefois convict was properly sustained. In drawing the amendment to the accusation the solicitor followed the one under consideration by this court in *Hudgins v. State,* 22 *Ga. App.* 242 (95 S. E. 875). Counsel for the plaintiff in error asked this court to overrule or modify the decision rendered in that case, but, after a careful consideration of the ruling there made, this court is convinced that it should not be changed.

2. Grounds 5 and 6 and the two grounds numbered 7 relate to rulings on pleadings, and such rulings are not proper matter for grounds of a motion for a new trial. *Lindsay* v. *State,* 138 *Ga.* 818 (11), 824 (76 S. E. 369); *Daniel* v. *State,* 115 *Ga.* 205 (2) (41 S. E. 695); *Spurlin* v. *Towns,* 146 *Ga.* 420 (5) (91 S. E. 479); *Brown* v. *Wilkes,* 20 *Ga. App.* 92 (92 S. E. 553), and cases cited.

3. This court can not say that the trial judge abused his discretion in refusing to continue the case on the ground that the defendant was surprised by the amendment to the accusation.

4. The remarks of the solicitor, complained of in ground 8, were entirely legitimate, and the court did not err in refusing to declare a mistrial because of them.

5. There was no error in refusing to allow certain witnesses to testify that a third person, who had left the State, told them that the liquor found on the premises of the defendant belonged to him. This was clearly objectionable as hearsay. See, in this connection, *Burrage* v. *State,* 21 *Ga. App.* 508 (94 S. E. 644).

6. Grounds 2, 3, and 4 of the amendment to the motion for a new trial can not be considered, because not approved by the trial judge.

7. There is some evidence to support the verdict, which has the approval of the trial judge.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*

DECIDED NOVEMBER 1, 1918.

Accusation of misdemeanor; from city court of LaGrange—Judge Moon. July 8, 1918.

1. The accusation charged J. F. Cook with "the offense of violating prohibition law, for that the said J. F. Cook," in the county of Troup, "on the 9th day of May, 1918, did then and there unlawfully have, possess, and control alcoholic liquors," spirituous liquors, and whisky." The defendant filed a plea of autrefois convict, from which it appeared that on May 26, 1917, he was convicted on an accusation charging him with "the offense of misdemeanor, for that the said J. F. Cook," in the county of Troup, "on the 26th day of May, 1917, did then and there have in his possession, custody, and control alcoholic, spirituous, vinous, malt, and intoxicating liquors." After the filing of this plea the accusation and the affidavit on which it was based were amended "by adding thereto, after the word 'whisky,' the following: 'After the 26th day of May, 1917, and on the 9th day of May, 1918, and at divers other times after the 26th day of May, 1917, and prior to the filing of the accusation in this case; and at no time before May 26, 1917, is this charge made." The amendment was demurred to on the following grounds: (1) It is an effort to limit the range of the evidence against the accused, contrary to law. (2) The amend-

ment comes too late, after the defendant has filed his plea of former jeopardy. This demurrer was overruled. The court sustained a demurrer to the plea of autrefois convict and struck the plea. The defendant filed exceptions pendente lite to the rulings stated, and error is assigned thereon in the final bill of exceptions.

2. Grounds 5, 6 and 7 of the motion for a new trial relate to the rulings stated above.

3. A motion for a continuance was made by the defendant, on the ground that he was surprised by the amendment to the accusation and was not prepared to go to trial on the charge made in the accusation as amended. The overruling of this motion is complained of in the motion for a new trial.

4. Ground 8 of the motion for a new trial is as follows: "Because the court erred in overruling defendant's motion to declare a mistrial, under the following circumstances, to wit: In his opening remarks to the jury and before the introduction of evidence, the solicitor stated to the jury that he expected to show that the defendant had in his possession, custody, and control alcoholic liquors, spirituous liquors, and whisky on the 9th day of May, 1918, and at various times before that date and the 26th of May, 1917, but not at any time before the 26th day of May, 1917, thereby referring [?], certainly by suggestion, that on or about the 25th day of May, 1917, the defendant had been guilty of the same offense for which he was on trial in the instant case; said motion being then and there urged; and in reply thereto the court overruled and refused said motion, and at the time instructed the jury that he would not permit any evidence before the 26th day of May, 1917."

*E. A. Jones, Arthur Greer,* for plaintiff in error.

*L. L. Meadors, solicitor,* contra.