### 12089.   LAWRENCE *v.* THE STATE.

1. No material variance as to ownership was shown by proof that one of the members of a partnership in whom ownership was laid by an indictment for burglary was executrix instead of administratrix of a named person as alleged in the indictment.
2. The sufficiency of an indictment can not properly be brought in question by a motion for a new trial.
3. The charge of the court as to recent, unexplained possession of stolen property is not cause for a new trial.
4. The ground of the motion for a new trial, to the effect that certain testimony was hearsay and inadmissible, is not in proper form for consideration, since it fails to show who introduced the witness or elicited the testimony, and is in other respects incomplete, and this court can not, without referring to other parts of the record, determine whether the admission of this testimony was so harmful to the defendant as to necessitate another trial.

DECIDED APRIL 13, 1921.   REHEARING DENIED MAY 12, 1921.

Indictment for burglary; from Putnam superior court — Judge Park. December 15, 1920.

*Stubbs & Duke,* for plaintiff in error.

*Doyle Campbell, solicitor-general, A. Y. Clement,* contra.

BROYLES, C. J.   1. The indictment charged the defendant with feloniously breaking and entering the storehouse of N. G. Maddox & Company, and with stealing therefrom certain described property " of the said N. G. Maddox & Company, a partnership composed of Mrs. T. C. Stubbs and Mrs. N. G. Maddox, adm'x of N. G. Maddox." Upon the trial the evidence showed that the storehouse of N. G. Maddox & Company was burglarized, and that the goods stolen therefrom were the property of N. G. Maddox & Company, a partnership composed of Mrs. T. C. Stubbs and Mrs. N. G. Maddox, executrix (instead of administratrix) of the estate of N. G. Maddox. We hold that the proof was sufficient

to support the allegations of the indictment as to the ownership of the property alleged to have been stolen. See, in this connection, *Thomas* v. *State,* 125 *Ga.* 286 (54 S. E. 182) ; 25 Cyc. 91. As was said by Mr. Justice Cobb in that case, a burglar will not be heard "to raise nice and delicate questions as to the title of the article stolen." Under this ruling the court did not err in charging as complained of in the first ground of the amendment to the motion for a new trial, or in admitting in evidence a certified copy of the last will of N. G. Maddox for the purpose of showing that Mrs. N. G. Maddox was the executrix of the estate of N. G. Maddox.

2. The grounds of the motion for a new trial, complaining that the court erred in overruling the defendant's plea in abatement (which plea attacked the indictment), present nothing for the consideration of this court, since "no question as to the legal sufficiency of an indictment can be properly raised in a motion for a new trial." *Womble* v. *State,* 107 *Ga.* 666 (33 S. E. 630) ; *Cook* v. *State,* 22 *Ga. App.* 790 (2) (97 S. E. 258), and citations.

3. The excerpt, excepted to, from the charge of the court upon the subject of recent unexplained possession of stolen property, was substantially correct (*Holliday* v. *State,* 23 *Ga. App.* 400, 98 S. E. 386, and authorities cited) ; and even were it error if it stood alone, it was not so when considered in connection with its context, as is shown by the note of the trial judge.

4. Under repeated rulings of the Supreme Court and of this court, a special ground of a motion for a new trial must be complete and understandable within itself, and such a ground is fatally defective and presents no question for determination when, in order to understand the alleged errors, it is necessary for the reviewing court to examine the brief of the evidence or some other part of the record. In the last ground of the amendment to the motion for a new trial complaint is made that the court, over the objections of defendant's counsel that the evidence was hearsay and inadmissible, allowed a witness named Wilson to read from a memorandum or bill sent to N. G. Maddox & Company of Eatonton by a hardware firm in Macon, showing the numbers of certain automobile tires previously shipped by the Macon firm to the Eatonton firm. This ground of the motion fails to show whether the witness Wilson was

introduced by the State or the defendant, whether the testimony objected to was elicited from the witness on direct or cross-examination, or what connection, if any, the witness had with the firm of N. G. Maddox & Company. Furthermore, if it be conceded, as contended by defendant's counsel, that this evidence was hearsay and inadmissible, it is impossible for this court, without referring to other parts of the record, to determine from this ground alone whether the admission of the evidence was so harmful to the defendant as to necessitate another trial of the case, the ground not showing *what kind of property the defendant was charged with stealing, or what bearing the alleged illegal evidence had upon the question of the defendant's guilt or innocence.*

5. The verdict was authorized by the evidence, and, the finding of the jury having been approved by the trial court, this court cannot interfere.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*