TOWNS, *et al. v.* SPURLIN *et al.*

HILL, J. 1. " A deed more than thirty years old, coming from the proper custody, purporting to have been executed in another State, attested by one witness, certified by him as a commissioner of deeds for this State in that State under his seal of office as duly acknowledged before him by the maker, and recorded in this State more than thirty years ago, the land conveyed by it being situated in this State, *and possession of the land by the grantee in the deed for several years being shown* (italics not in original), is admissible in evidence without further proof of its execution. The want of two witnesses does not

render the deed invalid or inoperative as a conveyance of the premises described in it." *King* v. *Sears*, 91 *Ga.* 577 (3) (18 S. E. 830). Accordingly, where, on the trial of a complaint for land the plaintiff tendered in evidence a deed from James K. O. Sherwood to the American Freehold Mortgage Company Limited of London, executed in the State of New York, attested by one witness and certified by him as a commissioner of deeds for ·this State in that State under his seal of office, conveying a part of the same lot of improved land in controversy, dated March 1, 1886, and recorded March 9, 1886, the deed being offered in evidence for the sole purpose of showing that the defendant held title under the same grantor that the plaintiffs claim under, viz., D. W. Patterson; and where *it did not appear that the grantee in said deed was ever in possession of the land under the deed,* as in the *King* case, supra, but on the contrary there was adverse possession of the land, it was not error to exclude the deed as evidence. Civil Code (1910), §§ 4179, 4203; *Turner* v. *Tyson*, 49 *Ga.* 165. There was no evidence or proof of the execution of the deed.

2. Error is assigned in the only other special ground of the motion for new trial, viz., that the court erred in directing a verdict for the defendant, for the reason, as contended, that the evidence did not demand a verdict for the defendant, and that there was sufficient evidence for the plaintiff. to require ʼthe court to submit the case to the jury. The evidence in the case for the plaintiff is not materially different from what it was when the case was here on a former occasion. *Spurlin* v. *Towns*, 146 *Ga.* 420 (91 S. E. 479). Under the rulings made in that case, as applied to the evidence in this case, the court did not err in directing a verdict for the defendant. Compare *Carr* v. *Neal Loan &c. Co.*, 99 *Ga.* 322 (25 S. E. 655). Civil Code (1910), § 5926; 4 Michie Enc. Dig. 474.

*Judgment affirmed. All the Justices concur.*

No. 3223. JANUARY 19, 1923.

Complaint for land. Before Judge Searcy. Fayette superior court. April 1, 1922.

This action was brought by W. B. Towns et al., children of R. A. and Mrs. Mary A. Towns, against J. A. Spurlin and Bartow Kilgore, who were alleged to be in possession, for the recovery of a one-half undivided interest in lot of land of land 107 in the 4th district of Fayette County. The plaintiffs alleged, that Mary A. Towns, their mother, had a life interest in the land, under a warranty deed from D. W. Patterson, dated Sept. 19, 1879, conveying a life-estate to Mary A. Towns, and at the death of R. A. Towns, who was the husband of Mary A. Towns, and the father of plaintiffs, the remainder interest vested in plaintiffs in fee simple, which entitled them to the possession of the land immediately upon the death of the life-tenant; that R. A. Towns died May 4, 1904, and Mary A. Towns died May 21, 1911. The suit

was filed in 1914. The defendants filed an answer denying the material allegations of the petition, and specifically averring that J. A. Spurlin is the owner of the land and has been in peaceful and uninterrupted possession by himself and those under whom he holds for more than seven years, and therefore has good title, holding the same under color of title and under a valid deed. It was further averred that J. A. Spurlin has been in the peaceful, quiet, uninterrupted and undisputed possession of the land, by himself and those under whom he holds title, for more than 20 years, and therefore has a good prescriptive title. On the trial the defendant tendered in evidence a deed from William Tucker to Valinda Towns and R. A. Towns, dated Nov. 3, 1862, conveying lots of land 107 and 118 in the 4th district of Fayette County; also deed from Annie Towns and R. A. Towns to Samuel Bailey, dated January 13, 1872, to lots of land Nos. 107 and 118 in the 4th district of Fayette County. One of the defendant's witnesses (T. J. Spurlin) testified: "I am 74 years old. I have been acquainted with the Towns place since 1856. Thomas Whitaker was in possession of it at that time. John I. Whitaker was next in possession of it at that time. John I. Whitaker was next in possession of it, and then William E. Tucker, and after him R. A. Towns. R. A. Towns's wife was Annie Towns. Henry Spurlin came in possession after the Townses moved out. He is dead, and J. A. Spurlin came in possession after his death. David Patterson was never there exercising any possession or living on this land; he lived in Griffin. I never saw him do anything toward exercising any control over the place." On cross-examination: "I am the uncle of the defendant. I don't think D. W. Patterson was ever in possession of it. I know he was never in possession of it. I don't know about whether he had a deed to it. Q. How do you know Towns never paid him any rent? A. Towns never paid anybody. Q. How do you know? A. I had dealings with him. I did not follow Mr. Towns every time he went to Griffin, nor did I keep up with his contracts. I don't know whether he or his wife ever made a deed to Patterson. I don't swear Towns never did rent this land from Mr. Patterson." The defendants introduced other similar evidence. The plaintiffs offered no evidence showing possession in D. W. Patterson, or title in him. The court directed a verdict for the defendants. The plaintiffs excepted.

*Culpepper & Murphy* and *Chambers, Richards & Dickey,* for plaintiffs.

*J. Mallory Hunt* and *Lester C. Dickson,* for defendants.