37464. ROBERSON *et al. v.* FIRST NATIONAL BANK OF ATLANTA *et al.*

DECIDED FEBRUARY 24, 1959.

*Marson G. Dunaway, Jr.,* for plaintiffs in error.

*William W. Mundy,* contra.

QUILLIAN, Judge. █ Special ground 1 of the motion for new trial complains that the trial judge erred in disallowing an amendment to the affidavit of illegality setting up the defense of non est factum. Special ground 2 of the amended motion assigned as error the ruling of the trial judge in striking the defendant's claim for damages against W. J. Norton and dismissing him as a party to the case. Assignment of error in a ground of motion for a new trial is not an appropriate method of invoking rulings on pleadings. *O'Brien* v. *Ellarbee,* 14 *Ga. App.*

333 (1) (80 S. E. 864); *Cook* v. *State,* 22 *Ga. App.* 789, 790 (97 S. E. 258).

■ Grounds 3 and 4 of the amended motion complain of the exclusion of evidence which the grounds allege was offered for the purpose of explaining an ambiguous reference to the "usual guarantee" contained in the contract sued upon. The grounds do not show to what the "reference" alluded or in what manner the evidence held inadmissible would have explained or clarified the phrase "usual guarantee". The "reference" is not set out in the grounds nor is its placement in the record designated. The grounds are too incomplete to invoke this court's consideration.

■ Ground 4 A of the amended motion complains that the trial judge erred in not permitting the defendant to testify as to the value of the machine before it was damaged by the seller's agent. The ground alleges: "It was error for the court to exclude evidence as to the fair market value of the ice machine before the seller's agent damaged it as alleged and after the said damages, because under the defense pleaded by the defendant-in-execution, the plaintiff-in-execution was not a holder in due course, and all defenses were available to defendant that would have been available as against the original payee." The ground does not disclose what the defense pleaded was and why the plaintiff was not a holder in due course, nor was any portion of the record from which these facts could be ascertained set out or referred to in the ground.

But on examination of the record it is disclosed that the defendant's pleadings contain no contention that the plaintiff is liable for the damage to the machine done by the seller's agent, but on the contrary they undertake to charge the seller alone with liability for the damages. Moreover, at the time the evidence was rejected the only part of the defendant's pleadings that undertook to set up a right of recovery for damage to the machine by the seller's agent had been stricken by order of the trial judge. No valid exception was taken to that ruling. For the reason disclosed the ground shows no error.

■ Special ground 5 of the amended motion complains that the trial judge erred in directing a verdict for the plaintiff for the reasons that "in view of the state of the pleadings" the court

erroneously ruled that the burden of proof was upon the defendant to prove the allegations of his affidavit of illegality and because of the proof of certain facts tending to prove the averment of the affdavit. Neither the pleadings nor the evidence to which the ground alludes are set out in the ground nor are the pages of the record where they may be found designated. The rule applicable here is well stated in *Colman* v. *State*, 213 *Ga.* 9, 11 (96 S. E. 2d 611).

■ The only general ground of the motion for new trial argued here is that the verdict was without evidence to support it. The determination of that ground involves the decision as to whether the evidence as a whole made out the plaintiff's case, and whether his right of recovery was precluded by the conclusive proof of any of the defenses interposed by the defendant. There is no question that the defendant's testimony proved the execution of the conditional-sale contract and furnished prima facie proof of the plaintiff's case.

The defense of non est factum and the claim for damages against W. J. Norton set up in the affidavit of illegality were stricken by order of the trial judge and no valid exception was taken to either ruling. Therefore, there is no necessity for reviewing the evidence pertaining to those matters.

This leaves for consideration the question of whether the remaining defenses pleaded in the affidavit of illegality were proved by so great a weight of evidence as to demand a verdict in the defendant's favor.

One of these defenses, failure of consideration, was couched in the following language: "There was a partial failure of consideration in the amount of twelve hundred dollars in that due to no fault of the purchaser and because of faulty workmanship and material the ice machine which is the subject of this litigation ceased to function and operate and became unfit for the uses which it was made to perform." This defense was alleged to be available against the plaintiff bank because: "affiant in the case, First National Bank of Atlanta, Ga., is not a holder in due course of this instrument because the same was altered as to the time of payment of the first instalment and the said alter-

ation was apparent on the face of the instrument not complete and regular on its face."

Before the enactment of the Negotiable Instrument Act, an alteration was presumed to have been made prior to the paper's execution. *Thrasher* v. *Anderson,* 45 *Ga.* 538, 544. Under the provisions of the negotiable instrument law as expressed in Code § 14-502 (1) that presumption no longer appears to exist.

In Brannan on The Negotiable Instrument Law, pages 344, 345, this text is found: "Where the mere inspection of a check showed that it had been altered (in date), a purchaser can not recover on it according to its original tenor. He can not be a holder in due course because it was not regular on its face (section 52). Elias *v.* Whitney, 50 Misc. Rep. 326, 98 N. Y. Supp. 667. This case reaches the same result as section 64 (1) of the Bills of Exchange Act, where the words 'but the alteration is not apparent' are interpolated, supra, p. 337, n. 1. Farmers State Bank *v.* West, 77 Ore. 602, 152 P. 238; Pensacola State Bank *v.* Melton, 210 Fed. Rep. 57, S.C. sec. 52, accord."

In accordance with the general rule stated above, one is not a holder in due course where he takes an instrument materially irregular on its face, as where it contains apparent notations, insertions, or erasures, having such effect—as, for example, recitals or memoranda of collateral restricting its negotiability or the apparent alteration of the name of the payee, the date, the amount, or the interest rate.

In the instant case the evidence did not authorize the finding that the conditional-sale contract showed on its face that it had been altered. No witness testified to that fact and the contract was not introduced in evidence. A copy of the instrument was admitted in evidence, but the defendant testified that the copy was not a carbon copy of the original or that the copy and the original were identical in appearance. But regardless of whether the plaintiff bank enjoyed the immunities of a holder in due course of the conditional-sale contract, the defense of failure of consideration was not open to the defendant, because the contract contained that which waived the defendant's right to urge the defense of failure of consideration as against one to whom the instrument might be negotiated. The contract stipu-

lates: "This contract may be assigned without notice to the purchaser and the payments hereon renewed or extended without passing title, and when assigned shall be free from any defense, counterclaim, or cross-complaint by purchaser, and any assignee shall have all the rights, powers and privileges granted the seller herein." It further appeared from the evidence submitted by the defendant that the ice machine did not fail as consideration for the conditional-sale contract. The defendant testified: "well it done all right till the water got to running out of it, and I called Mr. Norton and he sent a man down there and took a pipe out, overflow pipe, and there was nothing to do only stick it back in and he started the machine and it made ice." The defendant testified that except for the temporary interruption of its operation due to needed adjustment in the overflow pipe, which adjustment was easily made, the only reason for the ice machine's failure to function was that it was damaged through the negligence of W. J. Norton's agent some 14 months after its installation. The defendant did not in his pleadings charge the plaintiff was responsible for this damage.

The defendant testified on direct examination that the conditional-sale contract stipulated that the first of the 36 instalment payments for the ice machine was to be made on October 11, 1955, and that subsequent to its execution the contract was so altered as to change the date for the first instalment payment to November 11, 1955, and that this was done without his consent.

We recognize the pronouncement of *Cook* v. *Parks*, 46 *Ga. App.* 749, 752 (169 S. E. 208), that "The rule under the negotiable-instruments law, as already stated, is different. There 'any change or addition which alters the effect of the instrument in any respect' is a material alteration. 'The rule supported by the weight of authority is, that if the legal import and effect of the instrument is in fact changed, it does not matter how trivial the change may be, or whether it may be beneficial or detrimental to the party sought to be charged on the contract, as where it changes the evidence or mode of proof;' . . . without the consent of the maker, is material and constitutes an alteration."

If the evidence had ended with the testimony of the defendant that the instrument was altered, the effect would not have been

to invalidate the conditional-sale contract or to defeat the foreclosure. This is true because, as has been pointed out with considerable particularity, there was no proof that the alteration was apparent upon the face of the instrument, or that the plaintiff was a party to the alteration. Code § 14-906 provides: "Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration, and subsequent indorsers. But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor."

So if no other evidence had been submitted the right of the plaintiff would have been to enforce the payment of the instrument according to its original tenor. This would simply mean that the plaintiff would have the right to collect the instalment payment beginning with the first on October 11, 1955, instead of November 11, 1955.

But the defendant's testimony did not stop at that juncture. He testified in response to questions propounded to him: "Q. In fact, didn't you ask the salesman to change that payment from October 11 to November 11 so you would have more time to make the first payment? A. No. Q. And didn't he do it in your presence? A. If he did, I don't remember it. Q. On the copy that you got at that time, 'November' appears there too, doesn't it, doesn't the same change appear there on your copy that you kept all this time as appears on here? A. The date is just alike." He related that a copy of the instrument was furnished him by the seller's agent at the time the same was executed; that the copy furnished him showed the first instalment date was November 11; that he made that payment and about fourteen succeeding payments over a period of the same number of months while he retained possession of the ice machine, the consideration of the conditional-sale contract.

Thus the defendant by his own testimony positively proved that he assented to the date of the initial payment being changed, and completely ratified the alteration which effected the change.

Another defense interposed by the affidavit of illegality was

that the bill of sale was void because the serial number on the ice machine was inserted subsequently to its execution. The contract was drafted with a space therein designated for the serial number of the article to which the instrument was designed to retain title. Code § 14-214 provides in part: "Where the instrument is wanting in any material particular, the person in possession thereof has a prima facie authority to complete it by filling up the blanks therein. A signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument operates as a prima facie authority to fill it up as such for any amount." It follows that the holder of the conditional-sale contract was authorized to fill in the true serial number of the machine. There was no contention and no evidence from which it could be inferred that the number inserted in the instrument was not the correct serial number. The insertion of the serial number was not an alteration of the contract.

The affidavit also alleged that the description of the ice machine contained in the bill of sale was insufficient. The description of the machine was sufficient. *Master Loan Service* v. *Maddox*, 68 *Ga. App.* 429 (23 S. E. 2d 179).

The evidence proved the plaintiff's case and was sufficient to refute any defense pleaded, hence the verdict was not only supported but demanded by the evidence.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*