## 20217. WARTMAN v. BROWN.

DECIDED MARCH 5, 1930.

*Ripley & Bailey,* for plaintiff in error.

*R. B. Lambert,* contra.

BROYLES, C. J. Jessie M. Murphy (now Jessie M. Wartman) on August 11, 1927, executed and delivered to W. J. Brown her note for $500. The note was due on May 10, 1932, and bore interest from date at the rate of 7 per cent. per annum, and it was stipulated in the note that the interest should be paid semi-annually. The note recited that the $500 principal was part of the purchase-money for a "house and lot, No. 372 Felton Drive, Atlanta." On November 12, 1927, Murphy, the maker of the note, executed and delivered to Brown a loan deed to secure the payment of the note. The deed conveyed the "improved property known as No. 372, Felton Drive, City of Atlanta," and the property was fully described therein. The deed recited the prior execution of the note for $500, and contained the following provision: "The said party of the first part agrees to pay all taxes, assessments and charges, whether State, municipal or county, for street improvements or otherwise and all water and gas rents; *to pay all interest* or other *payments promptly and in full on the day when due, without default and without grace. . . Should any of said agreements not be fully kept and performed, then the said party of the second part,* or its successors, assigns, or representatives, *may,* with or without notice to said party of the first part, *declare this debt to be due and payable and at once foreclosable."* [Italics ours.]

The first interest payment on the note became due on February 11, 1928, and was paid on March 2, 1928. No other interest was paid. Interest falling due on August 11, 1928, and February 11, 1929, was not paid, and in April, 1929, Brown served notice on the maker of the note that he declared the entire debt due and payable. Subsequently Brown filed a suit, which resulted in a verdict and judgment in his favor, for the principal of the note, interest, and attorney's fees. On the trial the loan deed was admitted in evidence, and a demurrer, alleging that the suit was prematurely brought, was overruled.

The able counsel for the plaintiff in error contends that the

290

note sued on was the "main contract" between the parties, and that since the note contained no provision accelerating the time of payment of the debt, Brown had no authority to declare the whole debt due and payable. We can not concur in this contention. Under the facts of the case the note and the loan deed together formed the contract, and the maker of the note was bound by the accelerating clause in the deed. This is so although the plaintiff in error tendered to Brown, before the suit was brought, all the interest due (except for the accelerating clause) on the note.

Conceding (but not deciding) that exceptions to the judgment on the demurrer were properly made, the trial court did not err in overruling the demurrer. The verdict was authorized by the evidence, and the special grounds of the motion for a new trial show no harmful error. The certiorari was properly overruled.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*