## Universal Credit Co. v. Moore.

(Division B.   Sept. 30, 1935.)

[163 So. 142.   No. 31809.]

**W. H. Cox,** of Jackson, for appellant.

**M. M. McGowan,** of Jackson, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant instituted a replevin suit to recover possession of one 1931 Model Tudor "A" Ford automobile, motor No. A-4709379, of the value of two hundred twenty-five dollars, averring the property to be in the possession of the appellee in the first judicial district of Hinds county and to be wrongfully detained by him. The appellee pleaded the general issue and the property was seized and bonded.

A conditional sales contract was executed by appellee on the purchase of the automobile, and his old car was traded in as a cash payment. This sales contract recited that, "The undersigned seller hereby sells, and the undersigned purchaser hereby purchases, subject to the terms and conditions hereinafter set forth, the following property, complete with standard attachments and equipment, delivery and acceptance of which is hereby acknowledged by purchaser, viz. (describing same) for one hundred dollars on or before delivery, leaving a deferred balance of two hundred fifty dollars payable at the office of Universal Credit Company in ten installments of twenty-five dollars each on the same day of each successive month and commencing one month from the date hereof, or as indicated in schedule of payments below, with interest thereon after maturity at the highest lawful contract rate, and if this contract be placed with an attorney for collection, fifteen per cent of the amount due hereunder as attorney's fees," etc. The con-

tract also contained stipulations that the title to said automobile was not to pass to the purchaser until all sums due were paid. It also contained stipulations that the automobile was to be kept free from all liens, and fully insured, and averred that time was of the essence of the contract, and that if default was made in any of the payments, the seller might take possession of said property and sell same at public or private sale with or without notice to the purchaser.

The appellee, Moore, contended that the contract was signed with blanks therein unfilled, and that the deferred balance on said contract should have been filled in by the Pate Auto Company for only two hundred seventeen dollars, payable in ten monthly installments, instead of in the aggregate sum of two hundred fifty dollars, payable in twenty-five dollar installments, and that the total amount of the contract was not stated therein. He admitted that he paid twenty-five dollars per month for several monts thereon, and does not show that he called the attention of the Universal Credit Company thereto. He contends that he paid the contract down to about sixty-seven dollars, which he tendered and which was refused.

Taking the payments from the original contract would leave a balance of about one hundred dollars, plus fifteen per cent attorney's fees if placed in the hands of an attorney.

The proof showed that Moore purchased the automobile from the W. T. Pate Auto Company on the time payment plan, and that the Universal Credit Company purchased from W. T. Pate Auto Company the contract executed by Moore which provided for a deferred balance of two hundred fifty dollars. There is no dispute in the evidence that the Universal Credit Company paid value for the contract without notice of any defects therein.

The proof was conflicting as to whether the contract's

blanks were correctly filled in by the salesman of the Pate Auto Company.

The suit originated in the county court which gave a judgment for the balance as claimed by the appellee in the sum of sixty-seven dollars and fifty cents, and directed that the property be redelivered to the appellant within fifteen days from the date of the judgment. From this judgment, an appeal was taken to the circuit court where the judgment was affirmed with the exception that the judgment was modified so as to allow fifteen per cent attorney's fees, and from the judgment of the circuit court this appeal is prosecuted.

The appellee admits that he signed the contract not filled out, expecting the agent of the Pate Auto Company to fill same out. On his testimony, therefore, he made the Pate Auto Company an agent, and the contract being in the hands of a bona fide purchaser for value is binding upon him.

By section 2670, Code of 1930, it is provided that where an instrument is wanting in any material particular, the person in possession thereof has a prima facie authority to complete it by filling up the blanks therein. By section 2672, Code 1930, it is provided that, "Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting, or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument. But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed. And where the instru-

ment is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proven.''

Under the undisputed testimony, the Universal Credit Company, being the holder in due course for value of the instrument, is presumed conclusively to be the owner, for value, without notice. Whatever rights the appellee, Moore, had, because of the improper filling out of the blanks, are against the Pate Auto Company and not against the appellant.

We think the judgment of the court below was erroneous, and that it appears, from the contract and the evidence, there was a balance due of one hundred dollars instead of sixty-seven dollars and fifty cents. The judgment will, therefore, be reversed and judgment entered here fixing the value of the interest of plaintiff in the property at one hundred dollars plus fifteen per cent attorney's fees, and that the property be restored to plaintiff, or said amount be paid to plaintiff and all costs.

Reversed and judgment here for appellant.