29953. PEOPLES LOAN & FINANCE CO. *v.* LEDBETTER.

DECIDED APRIL 23, 1943.
ADHERED TO ON REHEARING JULY 27, 1943.

*Hirsch, Smith, Kilpatrick, Clay & Cody, A. G. Cleveland Jr., Bertram S. Boley,* for plaintiff.   *Benton E. Gaines,* for defendant.

STEPHENS, P. J.   Peoples Loan & Finance Company instituted suit against J. R. Ledbetter to recover $591.40 as the principal, accrued interest, and attorney's fees, due on a promissory note executed by the defendant on June 10, 1941, in favor of Robert T. Crain Company Inc., which had been transferred by that company to the plaintiff on June 11, 1941.   A copy of the instrument, which is designated as a "promissory note and conditional-sales contract," was attached to the petition.   It recited that the maker had purchased from the payee a described Pontiac automobile, and that the principal of the note, $709.68, was to be paid in twelve monthly installments of $59.14 each, the first falling due July 18, 1941. This instrument recited that title to the automobile should remain in the seller, the payee of the note, until the installments were paid.   On the back of the note appeared an assignment and transfer from the payee to the plaintiff, dated as alleged, which provided as follows:   "For value received pay to the order of Peoples Loan & Finance Corporation, Marietta, Georgia.   And the dealer does hereby transfer, assign, and set over to the Peoples Loan & Finance Corporation the within agreement and note, the retention-title certificate duly recorded, and the property therein described, and all the right, title and interest therein of the undersigned, the dealer, are hereby sold, assigned, and transferred to the said Peoples Loan and Finance Corporation."   This transfer also provided: "In case of nonpayment of principal or interest after maturity, when due, suit may be brought by the holder of this note against any one or more or all of us at the option of the said holder, whether or not such suit has been commenced against the maker, and that in any such suit the maker may be joined with one or more or all of us at the option of the holder."

The defendant denied liability.   He admitted the execution of

the note and that it and the contract were transferred to the plaintiff. For further answer he alleged that he was not indebted on the note to the plaintiff; that he entered into the contract with Robert T. Crain Company for the purchase of the automobile as appears from the note and contract; that before maturity of the first payment the defendant returned the automobile to the Robert T. Crain Company, who gave the defendant another automobile in place of his equity in the Pontiac and agreed with the defendant to assume and satisfy the note and contract transferred to the plaintiff, and to pay off the entire balance due on this note and contract as soon as it could sell the Pontiac; that the defendant made no payments to the plaintiff on the note and contract but the two payments made thereon were made by the Robert T. Crain Company; that the plaintiff knew this in that the defendant purchased several cars through the Robert T. Crain Company which were financed with the plaintiff and on which the defendant was making regular monthly payments direct to the plaintiff; that on August 2, 1941, the plaintiff's agent, Glover Smith, the Robert T. Crain Company, and the plaintiff entered into an agreement whereby the Robert T. Crain Company transferred this Pontiac to B. L. Custer, who executed a conditional-sale contract therefor reciting a balance due to the Crain Company and the plaintiff of $725.47, which contract was simultaneously with its execution transferred to the plaintiff by the Crain Company without consideration other than as has been set out; that the plaintiff at this time had full notice and knowledge that the contract sued on was in existence and in its possession, and also knew of the interest of the defendant therein; that on or about the same day the plaintiff gave the Robert T. Crain Company its check for $2650, purporting to include payment to it of $600 arising from the sale of the Pontiac to Custer, and at the same time required this company to give to the plaintiff its check for $4906 which check included an item to the plaintiff of $901 described therein as "pay off floor plans 1941 Pontiac S. 8 tudor 8-341843—$901;" that at the time of this transaction the bank account of Robert T. Crain Company was overdrawn by reason thereof, but its check to the plaintiff was paid by the bank; that the floor-plan loan referred to on the check, if actual cash advance loan was made, was made about July 29, 1941, with full knowledge by the plaintiff of the contract sued on and while it was the holder

thereof; that the plaintiff undertook to pay itself the proceeds of the sale of the Pontiac to the exclusion of the right of the defendant to have such proceeds applied to the payment of his contract held by the plaintiff, all with full notice and knowledge of the existence of the contract sued on and while holder thereof and in fraud of the defendant; that the plaintiff and its agent, Glover Smith, furnished the financing for the business of the Robert T. Crain Company, were in its place of business several times daily, and knew all about every phase of their transaction herein set out, and have with full knowledge and notice of such facts fraudulently undertaken to apply the proceeds of the sale of the Pontiac to its own advantage in fraud of the defendant, and that the plaintiff has received and retained $725.47 arising from the sale of the Pontiac, and as to this defendant the note and contract sued on have been paid.

The case proceeded to trial. There was evidence tending to substantiate the allegations of the answer. The evidence would have authorized a finding that the plaintiff, in the transactions alleged in the answer, did not have actual knowledge of the fact that the defendant, before the maturity of the first installment under the note and contract, had surrendered his equity in the Pontiac to Robert T. Crain Company which had agreed to assume the balance due by the defendant on the note and contract and to pay the plaintiff. The evidence also authorized a finding that the plaintiff, relatively to the transaction set out in the answer, did not know, in advancing money to and receiving money from the Robert T. Crain Company under the floor plan, that this Pontiac automobile was included, and did not know, relatively to the sale of this Pontiac to Custer, that it was the same automobile which had been sold to the defendant and for which it held his note and contract. It appeared from the evidence that the first installment became delinquent, and the plaintiff notified the defendant who did not communicate with the plaintiff but with the Robert T. Crain Company who assured the defendant that it would take care of the past-due installment and the future installments. It appeared that the defendant paid for the other automobile which he received from the Robert T. Crain Company in exchange for the equity in the Pontiac. There was evidence that the Robert T. Crain Company paid two installments of the defendant's note to the plaintiff. It

also appeared from the evidence that the sale of automobiles by the Crain Company was financed by the plaintiff; that the Crain Company became insolvent and was indebted to the plaintiff in the sum of approximately $30,000, and that on September 8, 1941, about three months subsequently to the execution of the note and contract sued on, the plaintiff brought an equitable action against the Crain Company and placed it in the hands of a receiver.

At the conclusion of the evidence both parties moved the court to direct a verdict, and the court directed a verdict for the defendant. The plaintiff moved for a new trial on the general grounds and by amendment added an additional ground in which it contended that the direction of the verdict was contrary to law because it appeared from the evidence that the plaintiff was a holder in due course of the note sued on; that the floor-plan loan made to the Crain Company by it on July 29, 1941, was a bona fide transaction, and the plaintiff actually parted with the money and was actually repaid by check on August 2, 1941; that it appeared that the defendant swapped his equity in the Pontiac to the Crain Company which amounted to a sale and therefore the defendant had no right in regard to the automobile; that the purchase of the Custer note and contract was a bona fide transaction for which the plaintiff actually parted with the consideration, and that the evidence did not exclusively establish the right of the defendant to be relieved from liability. The judge overruled the plaintiff's motion for new trial and it excepted.

Under the evidence a jury would have been authorized to find that the plaintiff was a holder in due course of the negotiable instrument sued on. A holder in due course is a holder of a negotiable instrument who has taken it under the following conditions: " (1) That it is complete and regular upon its face. (2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact. (3) That he took it in good faith and for value. (4) That at the time it was negotiated to him he had 'no notice of any infirmity in the instrument or defect in the title of the person negotiating it." Code, § 14-502. The conditional-sale contract and promissory note sued on was a negotiable instrument and in the hands of a holder in due course was not subject to the defenses available to prior parties among themselves. See *Colson* v. *Ellis,* 40 *Ga. App.*

768 (151 S. E. 654); Code, § 14-502. Such an instrument in the hands of a holder in due course would not be subject to the defense which involved a transaction between the payee of the note and the maker, entered into after the transfer of the note to the holder in due course, whereby the maker surrendered the automobile purchased and for the payment of which the note and contract had been executed, to the payee, in consideration of the payee's delivering to the maker another automobile and agreeing to assume the amount due by the maker on such note and contract, unless such holder was a party to this transaction and released the maker from his obligation.

The action in the present case is a suit by the plaintiff, Peoples Loan & Finance Company, as transferee of the note which the defendant Ledbetter executed to the Crain Company in payment of the purchase price of a Pontiac automobile which the defendant had bought from the Crain Company. Notwithstanding this note in the hands of the plaintiff may be secured by retention of title contract covering this automobile, this is not a suit to foreclose the retention of title contract or to establish any lien in behalf of the plaintiff on the automobile. It is therefore immaterial, in so far as affecting the plaintiff's right to a common law judgment on the note sued on, whether the plaintiff had knowledge or notice that Ledbetter had retraded the automobile to the Crain Company, or that the floor-plan loan which the plaintiff made to the Crain Company covered this specific automobile, or that the plaintiff in acquiring a transfer from the Crain Company of the retention of title contract by which the Crain Company sold this same automobile to Custer, had actual notice that this was the automobile which was security for Ledbetter's debt to the plaintiff as transferee as evidenced by the note sued on.

It not appearing from the evidence that the plaintiff, who was a holder in due course, was a party to, or in any way agreed to, the transaction under which the defendant Ledbetter traded the Pontiac automobile back to the Crain Company pursuant to which the Crain Company agreed with Ledbetter to pay Ledbetter's installments under the note to the plaintiff, and it appearing from the evidence that the note sued on had not been paid, a verdict for the defendant was not demanded. The court erred in directing

a verdict for the defendant and in afterwards overruling the plaintiff's motion for new trial.

Judgment reversed. *Sutton and Felton, JJ., concur.*