29938.   KING *v.* EDEL, *et al.*, executors.

DECIDED JULY 3, 1943.

*Donnelly & Tenenbaum,* for plaintiff in error.
*Gazan, Walsh & Bernstein,* contra.

BROYLES, C. J.   On June 19, 1942, Albert F. Edel and Herman M. Edel, as executors of the will of Delia F. Edel, deceased, instituted an action against W. Furman King and Edward D. King. The petition contained two counts; count 1 being a suit on a promissory note for the principal sum of $1500, dated June 4, 1929, and maturing March 1, 1931; and count 2 being a suit on an implied promise to pay said $1500.   The defendants demurred generally and specially to the petition as a whole and to each count thereof, and, after the plaintiffs had amended the petition so as to meet the special demurrers, the court overruled the demurrers on each and every ground thereof.   To this judgment W. Furman King excepted, but the other defendant, Edward D. King, did not except.   In their brief, counsel for the plaintiff in error argue and insist upon only one of the several questions raised by the general demurrers, to wit, that the action was barred by the six-year statute of limitations applicable to simple contracts.

Omitting formal parts, count 1 of the petition, by paragraphs, substantially avers: 2.   That defendants are indebted to plaintiffs in the principal sum of $1500 with interest thereon at eight per cent. per annum from December 1, 1941, said indebtedness being evidenced by a promissory note dated June 4, 1929.   3.   Said Charles M. Lynch and said Leila S. King (reference being had to the two signers of said note other than the two defendants in the court below) "are both deceased and there is not any administration upon their respective estates."   4.   Sigo Myers, the payee in said note, died testate and his executors "endorsed over and delivered the said   .   .   note unto your petitioners as executors of the last will of Delia F. Edel, deceased."   5.   Attached hereto is a copy of said original note, marked "Exhibit A," upon the back of which is the endorsement referred to in the preceding paragraph.   6.   Reference to said note and the copy thereof hereto attached

shows that the indebtedness evidenced by the note "is secured by a deed and contract conveying lot No. 28 in Telfair Ward in Savannah, Chatham County, Georgia." Said "debt deed referred to in said note was made subject to a prior deed conveying the same property to Martin L. Snooks" to secure $4000; and when said prior deed was foreclosed and the property covered by it sold there was no surplus from the sale that "could be or was available to the payment of any part of the indebtedness of $1500 evidenced by said note. . ." 7. While on its face the note declared on is not a sealed instrument as to the defendants, it is a sealed instrument in fact and in law for the following reasons: On March 1, 1928, the late Sigo Myers lent Alfred F. King and Charles M. Lynch $1500 evidenced by a promissory note (subsequently attached to the petition by amendment as "Exhibit E"), payable one year after the date thereof, and signed by said Alfred F. King and Charles M. Lynch; and this indebtedness was secured by a deed (a copy of which was later attached by amendment to the original petition as "Exhibit C") whereby said Alfred F. King and Charles M. Lynch conveyed to said Myers said lot 28 in Telfair Ward in the City of Savannah, Chatham County, Georgia, to secure said indebtedness. On August 9, 1928, said Alfred F. King died intestate leaving as his sole heirs at law his two sons, W. Furman King and Edward D. King, and his widow, Leila S. King, who waived dower and elected to take a child's part of her husband's estate; said three heirs at law thus becoming tenants in common "in the ownership of said above described real estate." On June 4, 1929, at the request of Charles M. Lynch, now deceased, Leila S. King, now deceased, and W. Furman King and Edward D. King, Sigo Myers extended for two years the time within which to pay said indebtedness of $1500, and thereupon said above four named parties "executed and delivered unto the late Sigo Myers a supplemental and renewal agreement and deed to secure debt (a copy of which was attached to the original petition as "Exhibit B"), in which . . said four named parties were denominated borrowers and the said Sigo Myers was denominated lender, and in which it was convenanted as follows: Whereas the said borrowers have requested the said lender to renew and extend the said indebtedness for two years from the maturity thereof, that is up to March 1, 1931, with the distinct understanding that the original security

deed, contract and indebtedness remain unaffected except that the maturity of said debt is extended, and the liability of the said Charles M. Lynch and of the estate of the said Alfred F. King shall continue to exist and his said heirs at law becoming personally, jointly and severally liable along with the said Charles M. Lynch for the payment of said indebtedness, principal and interest, and all other items secured by said deed and contract. Said borrowers acknowledge their joint and several indebtedness to said lender in the principal sum of $1500 which is evidenced by one principal note ["Exhibit A"] executed and delivered by them unto . . said lender and payable to his order on the 1st day of March, 1931. That said extension agreement and supplemental deed to secure debt was executed expressly under the hands and seals of each of said four named borrowers and, since the said agreement under seal . . recites and contains a description of the said promissory note (Exhibit A), petitioners allege that the said promissory note is a sealed instrument."

In response to the special demurrers the plaintiffs amended their original petition as follows: 1. By correcting an inadvertent statement in paragraph two of the first count that the note declared on matured on March 1, 1941, by averring that the maturity of the note was March 1, 1931. 2. By adding to the original petition the following exhibits: Exhibit C, which is a copy of "the original deed to secure debt made by the late Charles M. Lynch and Alfred F. King to the late Sigo Myers, dated March 1, 1928, conveying lot 28 Telfair Ward in Savannah, Georgia, as security for an indebtedness in the principal sum of $1500." Exhibit D—"the original contract forming part of said debt deed executed by . . Alfred F. King and Charles M. Lynch, and dated March 1, 1928." Exhibit E—"the original promissory note executed by Alfred F. King and Charles M. Lynch, payable to the late Sigo Myers, dated March 1, 1928, for the principal sum of $1500 and bearing interest at . . eight per cent. per annum." 3. By adding to the end of the seventh paragraph of count 1 of the petition the following: "That while the said note (Exhibit A) is not itself a sealed instrument as to these defendants, yet having been executed and delivered in renewal of the original note signed by Charles M. Lynch and Alfred F. King, and which original note is under seal, the effect of the renewal and extension note (Exhibit A) is merely to extend

the maturity of said original note which itself being under seal the statute of limitations applicable to the renewal note is that applicable to the said original note, which is twenty years from the maturity thereof, which twenty years will expire with February 28, 1949."

Omitting formal parts, count 2 of the petition is substantially as follows: On June 4, 1929, Charles M. Lynch, Leila S. King, W. Furman King and Edward D. King executed under their hands and seals and delivered to Sigo Myers a "supplemental and renewal deed to secure debt" (Exhibit B) whereby the maturity of an indebtedness of $1500 then owing Sigo Myers by Charles M. Lynch and the estate of the said Alfred F. King, deceased, was extended from March 1, 1929, to March 1, 1931, and the liability of said Lynch and said estate "was continued in existence" and the heirs at law of the said Alfred F. King became "personally, jointly and severally liable, along with the said Charles M. Lynch, for the payment of the said indebtedness, principal and interest, and all other items secured by said deed and contract, and in consideration of the recitals contained in said instrument and of one dollar to the said borrowers in hand paid by the sail lender [Sigo Myers], the said borrowers, namely: Charles M. Lynch, Leila S. King, W. Furman King and Edward D. King, acknowledged their joint and several indebtedness to the said lender [Sigo Myers] in the principal sum of $1500 which is evidenced by one principal note (Exhibit A) executed and delivered by them unto the said lender and payable to his order on the 1st day of March, and bearing interest from March 1, 1929, at the rate of eight per cent. per annum payable quarterly. The said supplemental and renewal deed to secure debt was duly filed for record in the office of the clerk of the superior court of Chatham County . . on June 6, 1929, and therein recorded on June 7, 1929." Paragraph 3. "That on the 30th day of September, 1940, Herman M. Edel and Jacob Gazan as surviving executors of the . . will of Sigo Myers, deceased, pursuant to the will of the said Sigo Myers, transferred, assigned and conveyed unto your petitioners . . as executors of the last will of Delia F. Edel, deceased, the said supplemental and renewal deed to secure debt (Exhibit B) and the promissory note therein described (Exhibit A) and all of their right, title and interest in and to the said contract and note. A copy of said assignment ap-

pears on the back of . . Exhibit B and is hereby made a part of this petition." Paragraph 4. "That subsequently to the execution and delivery of the said sealed instrument (Exhibit B) the said Charles M. Lynch and . . Leila S. King . . died intestate and upon neither of said estates has there been any administration." Paragraph 5. "That the said defendants are indebted unto your petitioners in the principal sum of $1500, besides interest thereon at eight per cent. (8%) per annum from December 1, 1941, by reason of their acknowledgment of the said indebtedness as set forth in Exhibit B and their promise implied therein and thereby to pay said indebtedness." Paragraph 6. "That by reference to . . said supplemental and renewal deed to secure debt (Exhibit B) it will be seen that the indebtedness therein . . assumed by said defendants, and which they impliedly promised to pay, was secured by a deed and contract conveying lot No. 28 in Telfair Ward in Savannah, Chatham County, Georgia, subject to a prior deed conveying the same property in favor of Martin L. Snooks securing the principal sum of $4000. That said debt deed for $4000 which had priority over the said indebtedness owing to the late Sigo Myers was foreclosed and . . no part of the proceeds thereof was available for or applicable to payment of any part of the said indebtedness of $1500 or the interest thereon." Paragraph 7. "That . . said defendants . . refuse to pay the said principal sum of $1500 and the interest thereon at eight per cent. per annum commencing with December 1, 1941, up to which . . date the interest has been paid . ."

In paragraph 3 of the amendment to count 1 plaintiffs plead substantially that while the note declared on (Exhibit A) did not appear on its face to be a sealed instrument it was in fact and in law such an instrument because it was a renewal and extension of the original sealed note. Counsel for plaintiff in error contend that said note was not a renewal or extension of the original sealed note executed by Alfred F. King and Charles M. Lynch on March 1, 1928, and maturing one year after date, because W. Furman King and the other two heirs of Alfred F. King who signed the new note (Exhibit A) never signed the original note and were in no way liable for its payment. This contention does not appear to be sound. "As applied to promissory notes, the term 'renewal' has been held to mean 'the re-establishment of the particular contract

for another period of time.' Kedey v. Petty, 153 Ind. 179. It has also been held that there might be such a thing as a renewal where the party was different, provided the obligation was of the same nature, as in a case where a widow gave her note in lieu of the note of her deceased husband for the same amount. Sponhaur v. Malloy, 21 Ind. App. 287. It has also been said that whether a new note is a renewal of another note depends upon the intention of the parties. Flanagin v. Hambleton, 54 Md. 227. Not only the definition of renewal, but also its application in the cases cited and in similar cases, carries the idea that an obligation is renewed when the same obligation is carried forward by the new paper or undertaking, whatever it may be. There may be a change of parties. There may be an increase of security, but there is no renewal unless the obligation is the same. What makes the renewal is an extension of time in which to discharge the obligation. If the obligation changes, there can be no renewal, because there can be no such thing as the re-establishment of an old obligation by the creation of a new obligation different in character." *Lowry Nat. Bank* v. *Fickett,* 122 Ga. 489, 492 (50 S. E. 396). "'Extension' of time of payment means a valid and binding agreement to delay the enforcement of the instrument. The term 'renewal,' as applied to a note, means the re-establishment of the particular contract for another period of time. There may be a change of parties or an increase of security, but there is no renewal unless the obligation is the same. A renewal, as distinguished from a mere extension, is usually evidenced by a new note or other instrument." 8 C. J., p. 425, § 626. In support of the statement in the foregoing text that "There may be a change of parties, etc.," *Lowry Nat. Bank* v. *Fickett,* supra, is quoted at length. "Where a note is given merely in renewal of another note and not in payment, the renewal does not extinguish the original debt nor in any way change the debt except by postponing the time for payment; and as a general rule the holder is entitled to the same rights and remedies as if he was proceeding on the original note." 8 C. J., p. 443, § 656. "If 'a new promise is proven, the statute which applies to the original demand is the statute which governs' (*Dawson* v. *Godkins,* 28 Ga. 310), with the result that an unsealed written acknowledgment or recognition of an original obligation under seal 'revives or extends [such obligation] for the period of time during which

a sealed paper would run, which is twenty years.' *Webb* v. *Carter,* 62 *Ga.* 415, 421." *Sammons* v. *Nabers,* 186 *Ga.* 161, 164 (197 S. E. 284). "A new promise shall revive or extend the original liability; it shall not create a new one." Code, § 3-904. "Where a promissory note is given contemporaneously with a written agreement between the same parties which states the consideration of the note, the two instruments constitute one contract and are to. be construed together." *Wardlaw* v. *Woodruff,* 175 *Ga.* 515 (12) (165 S. E. 557). One of the cases cited in support of the above rule is, *Wartman* v. *Brown,* 41 *Ga. App.* 288 (152 S. E. 596), the headnote of which reads as follows: "Although the note sued on contained no provision for acceleration of its maturity in case of failure to pay interest when due, the deed of subsequent date, executed to secure the payment of the note, contained such a provision, and, under the facts of the case, the note and the deed together constituted one contract. The demurrer based on the ground that the suit was prematurely brought was properly overruled."

The "supplemental and renewal deed to secure debt" (Exhibit B) in the instant case contains many provisions that the ordinary security deed does not contain. It describes the note declared on (Exhibit A) with much detail, recites that the maturity of the original indebtedness was extended two years from the maturity thereof, that is up to March 1, 1931 (the maturity of the new note), "with the distinct understanding that the original security deed, contract and indebtedness remain unaffected, except that the maturity of said debt is extended, and the liability of the said Charles M. Lynch and of the estate of the said late Alfred F. King, shall continue to exist, and his said heirs at law becoming personally, jointly and severally liable, along with the said Charles M. Lynch, for the payment of said indebtedness, principal and interest, and all other items secured by said deed and contract." It also specifically recites that "said borrowers acknowledge their joint and several indebtedness to said lender in' the principal sum of $1500 executed and delivered by them unto the said lender [Sigo Myers] and payable to his order on the first day of March, 1931," etc. (said note being further described in detail). It also states that "The interest up to June 1, 1929, has been paid by said borrowers unto said lender, receipt of which is hereby acknowledged." The note declared on in count 1 is substantially like the old note

(Exhibit E), except as to its date, maturity, the number of interest notes and the signatories thereto; and both notes contain this clause: "This note is secured by a deed and contract conveying Lot 28, Telfair Ward, in Savannah, Chatham County, Georgia, which is filed for record in Chatham County, Georgia, the covenants of which being made part thereof." Applying the above authorities to the facts of count 1 as amended, we hold that the effect of the new note was to extend the time of the payment of the original indebtedness evidenced by the old note which was under seal, and that count 1 was not subject to the demurrer based upon the statute of limitations. We have carefully examined the case of *Ray* v. *Harris*, 138 *Ga.* 432 (75 S. E. 417), and the other cases relied on by plaintiff in error, and are satisfied that they are differentiated by their facts from the case at bar.

Paragraph 5 of count 2 of the petition alleges: "That the said defendants are indebted unto your petitioners in the principal sum of $1500, besides interest thereon at eight per cent. per annum from December 1, 1941, *by reason of their acknowledgment of the said indebtedness as set forth in Exhibit B and their promise implied therein and thereby to pay said indebtedness.*" (Italics ours.) We have already discussed and quoted from the "supplemental and renewal deed" to secure debt (Exhibit B). In that instrument plaintiff in error and the other three signatories thereof acknowledge their joint and several indebtedness to Sigo Myers in the principal sum of $1500, and that instrument, independently of the promissory note which it recites as evidencing the indebtedness, specifies the rate of interest, the time from which the interest runs, and the maturity of the obligation. In short, the statements in Exhibit B bring the instant case squarely within the following rule laid down in *Stansell* v. *Corley*, 81 *Ga.* 453, 457 (8 S. E. 868): "A writing, signed and sealed, which acknowledges indebtedness by the maker to another named person, in a certain sum, and specifies when it is to become due, imports a promise to pay said sum at the time specified; and though the promise is not express but understood, the period of limitation for an action is twenty years." *Persons* v. *Dallas*, 178 *Ga.* 778, 782 (174 S. E. 669), cites with approval *Stansell* v. *Corley*, supra, and headnote 1 of the *Persons* case reads as follows: "A recital in a deed legally executed and accepted by the grantee may constitute a binding obligation between

the parties. Such an obligation by a grantor to pay a grantee a sum of money when the deed is executed under seal is not barred by the statute of limitations until twenty years has elapsed from the date of the delivery of the deed." The decision in the case of *Kern & Loeb* v. *Herring,* 145 *Ga.* 776 (89 S. E. 829), which is based upon *Ray* v. *Harris,* supra, and which states that "this case is not controlled by *Stansell* v. *Corley,* 81 *Ga.* 453 (8 S. E. 868)," distinguishes *Ray* v. *Harris* from cases like *Stansell* v. *Corley,* supra. The ruling in the *Kern & Loeb* case was that the judge did not err in sustaining a general demurrer to the petition. In that case the petition alleged that Herring was indebted to the plaintiffs for principal, interest and attorney's fees and that the debt was evidenced by a mortgage. In that case the court said: "No copy of the note secured by the mortgage is attached to the petition, nor does it appear therefrom when the note was due, nor what interest, if any, it should bear, nor from what date interest should be computed."

We hold that neither count of the petition was subject to the demurrer based on the statute of limitations, and affirm the judgment of the trial court.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*