34467. HOWARD *v.* TRUSCO FINANCE COMPANY.

DECIDED JANUARY 28, 1953.

*Peebles & Burnside,* for plaintiff in error.

*Stevens & Stevens,* contra.

TOWNSEND, J. ■ It is the contention of the defendant in the first ground of his amended motion for a new trial that, as against the plea of non est factum, the conditional-sale contract was improperly admitted in evidence upon the testimony of the plaintiff that it was blank at the time of his signature and was subsequently filled out for an amount other than that upon which the parties had agreed. Such contention would be sound if the suit had been brought by the payee, but the plaintiff here is a bona fide holder in due course of the sale contract and notes, without notice of any infirmity therein. The defendant admitted his signature on the sale contract, note, and renewal agreements. Code § 14-214, relating to negotiable instruments, provides in part as follows: "A signature on a blank paper delivered by the person making the signature in order that the paper may be converted into a negotiable instrument, operates as a prima facie authority to fill it up as such for any amount. . . If any such instrument, after completion, is negotiated to a holder in due course, it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with

the authority given." Where the note and conditional-sale contract are on one piece of paper, the whole constitutes a negotiable instrument to the extent that a holder in due course is protected against defenses which might be urged between the original parties thereto. *Peoples Loan & Finance Co.* v. *Ledbetter*, 69 *Ga. App.* 729, 733 (26 S. E. 2d, 671). A promissory note and security deed or agreement relating thereto, executed as a part of the same transaction, form but a single contract. *King* v. *Edel*, 69 *Ga. App.* 607, 613 (26 S. E. 2d, 365); *Wartman* v. *Brown*, 41 *Ga. App.* 288 (152 S. E. 596). Had the plaintiff here been suing on the note rather than foreclosing the contract of sale, there is no question but that the evidence would have been sufficient to admit the documents over a plea of non est factum containing a defense that the amount filled in was unauthorized, as against a holder in due course. The two documents comprising one and the same contract, no reason appears why a different rule should obtain merely because this is a foreclosure proceeding.

In *Thompson* v. *Bank of Chatsworth*, 30 *Ga. App.* 443 (3) (118 S. E. 470) it is held: "It may be stated as a general rule, which is unquestionably applicable to all simple contracts in writing, and, according to some authorities, also to specialties, that where a person intending to enter into a contract delivers a writing containing blanks, evidently meant to be filled, this creates in the receiver, and, at least in the case of negotiable paper, in his transferees, an implied authority to complete the instrument by filling the blanks in the way apparently contemplated by the maker with matter in general conformity to the character of the writing." The contract of sale is not under seal.

In Universal Credit Co. *v.* Moore, 173 Miss. 740 (163 So. 142), involving a replevin suit to recover possession of an automobile by a holder in due course of the conditional-sale contract, the court held: "The appellee admits that he signed the contract not filled out, expecting the agent of the Pate Auto Company to fill same out. On his testimony, therefore, he made the Pate Auto Company an agent, and the contract being in the hands of a bona fide purchaser for value is binding upon him."

In *Commercial Auto Loan Corp.* v. *Baker*, 73 *Ga. App.* 534

(37 S. E. 2d, 636), it was held that where a conditional-sale contract is filled in contrary to the directions of the maker and to his injury, *with full knowledge* on the part of the transferee of these facts, such instrument is void as to him. We here hold the converse of that proposition, which is, that where a conditional-sale contract and notes, together forming the entire contract, are filled in contrary to the directions of the maker by one whom he has constituted his agent to complete the instrument, a bona fide holder without knowledge of this fact will be protected. Further, the defendant having acknowledged his signature on the renewals of the original contract, under the authority of the rule stated in *Thompson* v. *Bank of Chatsworth*, supra, the plaintiff was given implied authority to complete the instrument by filling in its blanks in accordance with the instrument thus being renewed. Accordingly, these documents were properly admitted in evidence.

■ The plaintiff having proved a balance due under the sale contract, and the defendant offering no defense valid as against a bona fide holder for value of the original instrument, and having acknowledged his signature on all renewals thereof, it was not error to direct a verdict in favor of the plaintiff.

The trial court did not err in denying the motion for new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*