34770. YOUNG *v.* CEDARTOWN BLOCK & CONCRETE COMPANY.

DECIDED JANUARY 14, 1954.

510

*W. W. Mundy, Jr.,* for plaintiff in error.

*Dan P. Winn, Stewart & York,* contra.

QUILLIAN, J. Cedartown Block & Concrete Company sued Mrs. M. M. Young to obtain a judgment for material and labor furnished in the repairing and improving of real estate and to obtain a special lien on the property improved. The defendant filed her answer, admitting the contract for the improvements and alleging that her property had been damaged by the negligence of the plaintiff in the performance of the contract. The answer alleged: "That plaintiff contracted with the defendant to make certain improvements to the real estate described in the exhibit to the petition, which improvements included the sealing of the east wall and part of the north and south walls of the dwelling house thereon. Defendant shows that the dwelling located thereon is concrete block construction; . . . defendant shows that plaintiff caused a ditch to be dug immediately adjacent to the east wall of said dwelling and immediately adjacent to the south and north walls of said dwelling, which ditch was dug below the concrete foundation of said dwelling. Defendant was informed by plaintiff's representative that it was necessary to dig this ditch in order to apply the sealing material and that it would be closed immediately; . . . Defendant further shows that after said ditch was dug, the plaintiff negligently allowed said ditch to remain open for a period of approximately 10 days without completing the work thereon, and that during said time a heavy rain came, filling said ditch with water and weakening the earth under the foundation of said dwelling, and that said dwelling walls settled because of the weakening of the earth under the foundation by said water and caused numerous cracks to appear in the outside and inside walls of said dwelling; . . . Defendant shows that she insisted that said ditch be closed, to the foreman on the job, a representative of plaintiff, and he promised to close the same that day, but failed to do so, and three days later the ditch was still open and the rain came and caused it to fill up with water, resulting in damage to this defendant's dwelling; . . . Defendant shows that the damage to said dwelling is the proximate result of the negligence of plaintiff in allowing said ditch to remain open and become filled with water; . . . Defendant shows that said building has settled because of the negligence of plaintiff, causing

large cracks in the north and south walls and in the east wall of said dwelling, which cracks have caused large and unsightly cracks in the interior of said house; and . . . defendant shows that the value of said house prior to the damage inflicted by plaintiff was nine thousand ($9,000.00) dollars, and that the value of said house after the damage caused by plaintiff is six thousand ($6,000.00) dollars, and she has suffered a loss of three thousand ($3,000.00) dollars due to the negligence of plaintiff, as alleged herein." The jury found for the plaintiff in the amount sued for, and the defendant excepts to the denial of her motion for new trial.

1. The court charged the jury: "So in this, gentlemen, there is no denial of the plaintiff's claim." Under the allegations of the answer, we do not think that this charge was harmful to the defendant. The amount sought to be recovered by the defendant was the amount of damage alleged to have been caused by the plaintiff less the amount sued for by the plaintiff. However, it may be advisable to state the issues in such a way that it may be clear to the jury that the defendant does not admit any liability to the plaintiff.

2. (a) The court erred in charging, "If you find there was damage to the defendant's property, personal property." There was no issue as to damage to personal property, and such a charge might possibly have been harmful, though the probability is that the jury was not misled or confused by the charge.

(b) It was not error to charge the measure of damage contended for by the defendant in her answer, which was not demurred to. Plaintiff in error cannot complain of a charge contended for and invited by her pleadings and unobjected to by the plaintiff.

3. It was error to charge that, if the plaintiff was not in the exercise of ordinary care, it would be the jury's duty to see whether that lack of ordinary care was negligence enough to be the proximate cause of the injury to the defendant's property. If the plaintiff did not exercise ordinary care, the other question was whether that negligence was the proximate cause of the damage. Ordinary negligence cannot be divided into various degrees in ascertaining proximate cause.

4. The court charged the jury: "I charge you that in this type of situation, it is alleged in the defendant's cross-action that

there was also a duty on the defendant to exercise ordinary care, as I have previously defined it to you, for her own protection. She cannot recover if the injury to her property resulted from her own negligence, or if, by the exercise of ordinary care on her part, she could have avoided the consequences of the defendant's negligence after such negligence was known to her or should have been known to her in the exercise of ordinary care. If you find that the plaintiff's negligence was not the proximate cause of the injury to the property, you will, of course, find no verdict for the defendant." The exceptions to this charge are: "(a) It states, that 'It is alleged in the defendant's cross-action that it was also a duty on the defendant to exercise ordinary care.' There is no such allegation in the cross-action. (b) The wording, 'She cannot recover if the injury to her property resulted from her own negligence, or if, by the exercise of ordinary care on her part, she could have avoided the consequences of the *defendant's* negligence after such negligence was known to her or should have been known to her in the exercise of ordinary care,' inferred to the jury that it was a duty resting on movant to avoid the consequences of plaintiff's negligence. There was no basis in the pleadings or evidence for this charge. (c) It was confusing to the jury. (d) That it was misleading to the jury. And (e) that said charge was erroneous and not sound as an abstract principle of law."

This charge was error. It is not alleged in the answer that there was a duty on the defendant to exercise ordinary care, and there is not sufficient evidence to show that there was a duty on the defendant to exercise ordinary care in discovering and avoiding the consequences of the plaintiff's negligence. The plaintiff contracted to do the work as an independent contractor, and there was nothing to put the defendant on notice that the plaintiff might be negligent as alleged or what the consequences of the negligence would be. *Mansfield* v. *Richardson*, 118 *Ga.* 250 (4) (45 S. E. 269).

The court erred in denying the motion for new trial.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*