38542.   ASSOCIATES DISCOUNT CORPORATION
v. BRANTLEY.

DECIDED NOVEMBER 30, 1960.

752

*W. J. Patterson, Jr.,* for plaintiff in error.

*Edward F. Taylor, H. T. O'Neal, Jr.,* contra.

FELTON, Chief Judge. ■ Special grounds 1 through 8 involve virtually the same question. Each ground assigns error on the court's sustaining objections to questions propounded witnesses by the plaintiff in an effort to show that the payee of the note, McCord Motor Company, had no interest and title in the sec-

ond automobile or contract. To illustrate, the question was asked the defendant: "So far as you know, did McCord Motor Company ever have any interest in this second car, or the car that was purchased in Texas as described by plaintiff's Exhibit '2'?" Objection was made and sustained on the premise that the question elicited an answer which would by parol vary the terms of a solemn written contract. An official of the McCord Motor Company was also asked similar questions and the court ruled: "All questions with reference to anything which might tend to vary the terms of the written contract by parol, when objected to, I hereby sustain in a blanket way. That covers the whole line of the interrogation." We think the court erred in not permitting parol testimony to show that the plaintiff was the owner of the contract upon which it brought the action. The defendant cites the case of *Allen v. Commercial Credit Co.*, 155 Ga. 545 (117 S. E. 650) wherein it is stated: "Where the petition fails to allege or show such indorsement or assignment in writing, it is subject to dismissal on general demurrer." The defendant also cites other cases with like rulings, but these cases like the *Allen* case have been held to have been superseded by the Negotiable Instruments Law. Section 49 of the N.I.L., (Ga. L. 1924, pp. 126, 136; *Code* § 14-420) provides: "Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferor had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferor. For the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made." The most recent application of the act to a suit involving similar facts will be found in *Stone v. Colonial Credit Co.*, 93 Ga. App. 348 (91 S. E. 2d 835) which held that the plaintiff who was not the payee of the note could maintain action on the note and recover the unpaid balance due even though there was no transfer or indorsement to him in writing. The court held that the petition was not subject to general demurrer. It follows that if the petition is not subject to general demurrer, the allegations, of necessity, would have to be proved by parol. In the instant case

the plaintiff alleged that on January 25, 1957, the first contract was validly assigned to it; that the second contract was executed to show a change in collateral and that R. A. McCord Motor Company had no right, title or interest in the second automobile. The plaintiff must in some way have been permitted to show his ownership of the note, and unless this ownership was effected by written assignment or indorsement, it would be proper to prove it by parol. It cannot be said that the conditional-sale contract, not being separate from the note, is not negotiable to the same extent as the note itself. In reality they form but a single contract. *Howard v. Trusco Finance Co.*, 87 Ga. App. 509, 512 (74 S. E. 2d 379) and cases cited. Therefore, the seizure of the automobile for default in payment was lawful and the suit on the note and contract for deficiency was well founded, and the only question would be whether the power of sale was properly and fairly exercised. If the holder of the contract did not obtain a fair price the jury could credit the note with the amount they find a fair price to be.

■ Special ground 9 assigns as error the admission in evidence of the second contract over the plaintiff's objection that it was a copy and that the original was the highest and best evidence. The document was in fact a copy of the instrument pleaded by the plaintiff. It is not necessary that we cite the numerous cases upholding the admissibility of evidence against the party who originally pleads a document and later strikes it.

■ Special ground 10 of the amended motion for a new trial states that an agent of McCord Motor Company was asked on cross-examination by counsel for the defendant, whether if his signature appeared on the second note it would not be a forgery. On objection by counsel for the plaintiff the court ruled that the word "forgery" be stricken from the record. The fact that the plaintiff exercised poor judgment in placing the agent of McCord Motor Company's signature on the assignment does not affect the plaintiff's right of ownership of the contract and his right to sue for deficiency thereunder. Having done so, however, the plaintiff rendered itself vulnerable to such a question and the court protected its rights adequately in making the ruling complained of.

■ Special ground 11 complains that the verdict is excessive. In view of our rulings, special ground 11 need not be ruled on.

■ Special ground 12 of the amended motion for a new trial complains that the court failed to charge, without request, that the defendant did execute and deliver the second note to the plaintiff. The evidence was such that it was within the province of the jury to determine that fact. In view of the evidence, the court did not err in not making the charge as complained of.

■ Special ground 13 assigns as error the following charge of the court: "The note and contract in connection with this Texas Ford ranch wagon shows that it was purchased from R. A. McCord Motor Company of Macon, Georgia, on January 24, 1957, and that no transfer or assignment of the contract and note has ever heretofore been made by R. A. McCord Motor Company to the plaintiff or any other person or corporation." For the reasons stated in division 1 of the opinion covering grounds 1 through 8, the court erred in so charging the jury, for it placed before the jury an issue which by law was not an issue. See also, *Young v. Cedartown Block &c. Co.*, 89 Ga. App. 509, 511 (2a) (79 S. E. 2d 828).

■ The following grounds assign as error various excerpts of the charge to the jury. Ground 14: "Plaintiff is not entitled to an affirmative verdict in this case against the defendant." Ground 16: "A party cannot maintain an action upon a note made payable to the order of another unless such person indorsed or otherwise transferred the note over to the party suing." Ground 17: "I charge you that plaintiff in this case is attempting to proceed with an action upon a promissory note to which it holds no legal title." Grounds 18, 19: "I charge you that under the facts of this case, the plaintiff had no right to take the automobile." For the reasons stated in division 1 of the opinion covering grounds 1 through 8 the court committed error in giving the quoted excerpts of the charge, for these excerpts are erroneous statements of the law.

■ Special ground 15 assigns as error the charge of the court concerning legal and constructive fraud. The court committed error in charging the jury concerning fraud, for no harm was done the defendant nor was the defendant deceived or injured in any

way as the result of the plaintiff's having attempted to write in an assignment by McCord Motor Company. *Code* § 37-702.

■ Special grounds 20 and 21 assign as error the court's charge in regard to attorney's fees. The court committed no error in making the charge complained of for the reasons assigned in these grounds.

The court erred in sustaining the objections to the questions propounded as outlined in special grounds 1 through 8, and in making the charges complained of in special grounds 13, 14, 15, 16, 17, 18 and 19. It was therefore error to overrule the motion for a new trial.

*Judgment reversed. Nichols and Bell, JJ., concur.*