### 40356.   VAN NORDEN et al. v. AUTO CREDIT COMPANY, INC.

DECIDED FEBRUARY 26, 1964.

*Scott Walters, Jr.,* for plaintiffs in error.

*Ronald J. Armstrong,* contra.

RUSSELL, Judge. ■ There is no proper assignment of error on the direction of a verdict, *Moody v. Southern R. Co.,* 14 Ga. App. 258 (80 SE 911), and there is no assignment of error upon the overruling of the motion for a new trial which thus becomes the law of the case. The question of whether the evidence is sufficient to support the verdict, or to demand the verdict as directed, is accordingly not before us for decision.

■ A single instrument containing a conditional sale contract and note is held in Georgia, contrary to the rule in many States, to be a negotiable instrument[1] within the purview of the N. I. L. *Howard v. Trusco Finance Co.,* 87 Ga. App. 509 (74 SE2d 379); *Roberson v. First Nat. Bank of Atlanta,* 99 Ga. App. 156 (107 SE2d 669). This particular document is on a single piece of paper but is in the form of two instruments. At the top of the page is a conditional sale contract describing the automobile being purchased and stating that the deferred payments "are evidenced by promissory note of even date herewith," following which are the signatures of the purchasers and the witnessing signature of R. C. Foster, notary public. Immediately below this is the promissory note, also signed by the parties but not witnessed. If the instruments could be considered as separate, the ruling on the plea would be controlled by *Code* § 20-802, which requires that a material alteration of a contract must, to render it void, be not only intentional but with intent to defraud

---

[1]This is apparently changed by the provisions of the UCC, since by *Code Ann.* § 109A-9—105 (1b) "a writing or writings which evidence both a monetary obligation and a security interest in or lease of specific goods" is defined as "chattel paper." The form of a negotiable instrument is specifically defined in *Code Ann.* § 109A-3—104.

the other party. It is here undisputed that the witnessing notary did in fact see the defendants sign the instrument, and that they did in fact sign it intending the legal consequences of the act, and that no fraud was practiced on them. With this view of the document the plea of non est factum was not sustainable. If, on the other hand the entire document be considered a negotiable instrument, then the witnessing signature appears at the proper place up in the body of the instrument and not after the signatures of the makers to the promissory note, which was the second set of signatures at the bottom of the page. Applying the rule relating to negotiable instruments in *Code* § 14-906 that any material alteration of the instrument without the assent of all the parties thereon will void it without regard to fraudulent intent,[2] and taking the narrow interpretation of this rule laid down in *Cook v. Parks,* 46 Ga. App. 749 (169 SE 208) and *Williams v. F. S. Royster Guano Co.,* 67 Ga. App. 711 (2) (21 SE2d 349) to the effect that the procuring of a witness to sign an instrument is a material alteration regardless of any other circumstances, the question remains whether the overruling of the plea, if error, would require reversal. The plaintiffs first brought a bill of exceptions to this court assigning error only on this judgment, and we held that it was not a final judgment so as to be the subject of appeal. *Van Norden v. Auto Credit Co.,* 107 Ga. App. 676 (131 SE2d 123). Upon the subsequent trial of the case the defendant testified that the whole contract was blank when they signed it, and further in answer to the question, "Your contention is not that you do not owe the money but simply the fact that the contract was notarized by someone not in your presence, is that correct?" he stated, "Well, as far as the notary is concerned, I'm not too much concerned about that."

It thus appears that when the defendants signed the promissory note it was a blank form; all the blanks were filled in after the makers left, and one of those blanks was that of the notary who saw the defendants actually sign the conditional sale contract embodied in or attached to the note. The delivery of a

---

[2]This rule is changed by *Code Ann.* § 109A-3—407.

blank note or contract by the maker to the payee constitutes prima facie authority in the latter to complete the instrument. *Code* § 14-214; *Ryle v. Farmers &c. Bank of Gordon*, 33 Ga. App. 459, 462 (127 SE 233). The only reason the addition of the signature of a witness to a conditional sale contract is material is that it allows recordation; since such instruments are recorded in the usual course of business the witnessing signature is a part of the completion of the instrument in this sense, and the testimony of the defendant himself shows that when he delivered the document back to the payee to have the blanks filled in he did not withhold his assent to the signature of the witness who had in fact witnessed his signature and that of his comaker. The filling in of this blank was accordingly included in the implied authority to fill in all the blanks prior to the signature of the witnesses at the bottom of the page following the promissory note.

It appears more logical to us in this instance to consider the instruments as severable and apply to the conditional bill of sale the rule of *Code* § 20-802 rather than of *Code* § 14-906, but the same result is reached in either event. Under the first interpretation the addition of the signature would not void the instrument because there was no trick, concealment, or fraudulent intent involved. Under the second, if there was any error in entering up such a judgment under the wording of the stipulation on the trial of the plea (no evidence being introduced) it was rendered harmless by the evidence on the trial of the main case which showed that the payee did in fact have authority to complete the instrument.

*Judgment affirmed. Eberhardt, J., concurs. Felton, C. J., concurs in the judgment.*