In re LAMBERT ENTERPRISES, INC.,
d/b/a Bandy's, Clinch Valley Meats, &
Lambert Village Apartments, Debtor.

The RICHLANDS NATIONAL
BANK, Plaintiff,

v.

LAMBERT ENTERPRISES,
INC., Defendant.

Bankruptcy No. 7–81–00050.
Adv. No. 7–82–0088.

United States Bankruptcy Court,
W. D. Virginia,
Abingdon Division.

June 23, 1982.

Robert T. Copeland, Abingdon, Va., for plaintiff.

S. Strother Smith, III, Abingdon, Va., and Michael A. Bragg, Bristol, Va., for debtor/defendant.

MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

Plaintiff, The Richlands National Bank ("The Bank"), seeks relief from the auto-

matic stay of 11 U.S.C. § 362. Two issues are before the Court: (1) whether Plaintiff remains secured on a deed of trust where the original promissory note secured by that instrument is cancelled by renewal and (2) whether the renewal note contains a provision for the repayment of interest.

The facts are essentially without dispute. The controversy arose in the following manner: on September 17, 1979, Defendant-debtor, Lambert Enterprises, Inc., by duly authorized officers, issued a ninety-day promissory note to The Bank in the amount of $240,000.00. This note bore interest at the rate of 11% and was secured by a deed of trust of even date and properly recorded in the Clerk's Office of the Circuit Court of Tazewell County, Virginia. The terms of the deed of trust made no provisions for renewal of the original note without accompanying future advances.

Defendant paid the interest due on December 17, 1979; January 17, 1980; May 17, 1980; and November 17, 1980. A new note was issued in the principal amount of $240,-000.00 on November 17, 1980, due January 1, 1981, and prior notes were stamped "paid by renewal." The original note of September 17, 1979 and all subsequent renewals show on their face a deed of trust as security. The printed terms of the November 17, 1980 note do not explicitly provide for the payment of interest, but the figure "11%" is handwritten in the upper left corner of the note.

Defendant, Lambert Enterprises, Inc. filed a petition in this Court seeking relief under Chapter 11 on January 19, 1981 and thereupon became a debtor-in-possession. No principal or interest payments have been made by Defendant since that time. Plaintiff contends the note of November 17, 1980, renewal due January 1, 1981, is still due and owing with a principal balance of $240,000.00 plus accrued interest. Plaintiff asserts its position as a secured creditor and seeks to foreclose on the deed of trust securing the note, claiming Defendant has no equity in the property and such property is unnecessary for a successful reorganization of the Debtor. Evidence of the Plaintiff's expert witness sets the fair market value of the property secured by the deed of trust as $255,000.00.

Defendant argues that in as much as the September 17, 1979 note was marked "paid by renewal", and the deed of trust, by its terms, does not secure renewals of the note, the deed of trust is released and Plaintiff is an unsecured creditor. Defendant denies that the terms of the renewal note provide for payment of interest and further claims equity in the property based on the fair market value of $282,000.00, the amount shown by the testimony of its expert witness.

■ To determine whether The Bank remains a secured creditor, the first question is whether the original debt was extinguished upon renewal of the September 17, 1979 note. The answer depends on the intent of the parties at the time of renewal, i.e., whether the renewal note was taken in payment and satisfaction of the indebtedness. *Peterson v. Crown Financial Corp.*, 661 F.2d 287 (3rd Cir. 1981). Such intent is never presumed and "is to be determined by the facts and circumstances attending the transaction," with the burden of proof on the party claiming discharge. *Slaughter v. Philadelphia National Bank*, 290 F.Supp. 234 (E.D.Pa.1968), rev'd on other grounds, 417 F.2d 21 (3rd Cir. 1969).

■ The rule in Virginia is that the mere execution of a renewal note is not payment or discharge of the original debt, but is only an extension of time for repayment of that debt. *Baldwin, et al v. Adkerson, et al*, 156 Va. 447, 158 S.E. 864 (1931). The facts in the instant case show that accrued interest was paid by Defendant, a renewal note was issued and the old note marked "paid by renewal." There is no evidence to suggest that the parties intended to do anything other than extend the date on which the original obligation was to become due.

The second avenue of inquiry concerns the viability of the deed of trust dated September 17, 1979. By its terms, it secures "repayment of the indebtedness as

evidenced by borrower's note dated September 17, 1979." It does not purport to secure renewals of this note.

The deed of trust on its face secures the indebtedness; the note is only evidence of the indebtedness. Even if the instrument was not explicit in its language, it is well settled that a mortgage (or deed of trust) secures the debt, not merely the evidence of the debt. So long as the debt continues, the mortgage continues. It is irrelevant that the evidence of the debt is renewed. 55 Am.Jur.2d Mortgages § 133 (1971). This principle is embodied in *Farmers Bank v. Mutual Assurance Society, et al*, 31 Va. 69 (1832), a case factually similar to the one at bar. Seeking to establish lien priority, Farmers Bank argued that the deed of trust held by Bank of Virginia did not extend to any note renewed after a certain date and that the lien of the deed of trust for the benefit of Bank of Virginia was invalid in that the note was renewed after the deadline provided for in the deed of trust. In rejecting this argument, the Virginia Supreme Court held that when the note was paid by renewal the debt was the same. The debt remained unpaid and the credit only was extended. The lien of the deed of trust remained intact.

The U. S. Supreme Court dealt with this same issue in *Jones v. Guaranty and Indemnity Co.*, 101 U.S. 622, 25 L.Ed. 1030 (1879). In this case, a promissory note given for a loan was secured by a mortgage on the debtor's realty. After several subsequent renewals of the note, it was argued that the lien of the mortgage was no longer valid. The Court held that the lien of the mortgage continued until the debt was paid, even though the note secured by the mortgage was renewed or otherwise changed in form. In allowing parol evidence rather than limiting considerations to the face of the instruments, Mr. Chief Justice Marshall said:

It is true that the real transaction does not appear on the face of the mortgage . . . But if, on investigation, the real transaction shall appear to be fair, though somewhat variant from that

which is described, it would seem to be unjust and unprecedented to deprive the person claiming under the deed of his real equitable rights.

*Shirras v. Craig & Mitchell* (7 Cranch. 34, 3 L.Ed. 260) as cited in *Jones v. Guaranty & Indemnity Co., supra* 101 U.S. at 632.

Looking beyond the written terms of the deed of trust in the present case, it is clear that this instrument was given as security for the *debt* of $240,000.00, not merely the note of September 17, 1979. When the note was renewed, the deed of trust followed the debt as evidenced by the renewal note. It is irrelevant that no actual sums were paid to borrower at this time. Therefore, the case cited by counsel for Defendant, *Mid-Eastern Electronics, Inc. v. First National Bank of Southern Maryland*, 455 F.2d 141 (4th Cir. 1970) is not applicable.

■ The note of September 17, 1979, provided for interest at an 11% rate. Although the note of November 17, 1980 did not specifically contain the language as to interest (except the 11% noted in the corner of the note), the conduct of the parties demonstrates that they intended the renewal note to continue at 11%. The interest, in fact, was paid with the respective renewals. Unless otherwise specified, when a note is renewed the obligation continues with the same terms and conditions of the original contract. *King v. Edel, et al*, 69 Ga.App. 607, 26 S.E.2d 365 (1943).

For the foregoing reasons, this Court concludes that The Bank remains secured on its deed of trust. The debt of Defendant is due and owing to Plaintiff in the principal amount of $240,000.00 with accrued interest at 11%.

■ As a secured creditor, Plaintiff is entitled to adequate security. Based on evidence presented in expert testimony, the fair market value of the realty involved ranges between $255,000.00 and $282,500.00 and is hereby fixed at $270,000.00. As the debt is in excess of the value of the property, adequate protection has not been provided. Defendant-debtor, Lambert Enterprises, Inc. in order to provide adequate protec-

tion of the debt pending the filing confirmation of plan herein, is ORDERED to pay all accrued interest within sixty days and to keep the interest paid currently on a monthly basis pending the filing of the Chapter 11 Plan and action thereon by the Court.

Failure of Debtor to make said payments within sixty days, the stay of 11 U.S.C. § 362 shall stand relieved at the conclusion of said sixty-day period without further notice or hearing.